**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

In re CORONAVIRUS REPORTER CORPORATION, et al.,

Petitioners.

No. 25-7761

(N.D. Cal. No. 3:24-cv-08660-EMC)

**PETITIONERS' FRAP 28(j) LETTER REGARDING SUPPLEMENTAL DEVELOPMENT**

To the Clerk of the Court:

Pursuant to Federal Rule of Appellate Procedure 28(j), Petitioners submit *City of Hollywood Police Officers' Retirement System v. Tim Cook, et al.*, No. 5:26-cv-01724-VKD (N.D. Cal. Feb. 27, 2026). This supplemental development is profoundly pertinent to Petitioners' arguments regarding structural failure, the misapplication of *res judicata*, and the improper suppression of public interest petitioning (Pet. 12-25, 28-34).

The emergence of this litigation highlights a chilling paradox that demands the Court's scrutiny. Just months after the District Court sanctioned Petitioners for investigating Tim Cook's role in orchestrating a playbook of Sherman Act evasion,

Apple's own institutional shareholders, the *Police Officers'* pension fund, have now filed a verified derivative action alleging that very same conduct. This is no mere coincidence of themes; the *Police Officers'* complaint represents an independent invention of the identical evidentiary hybrid synthesized in Petitioners' FAC. It is a sophisticated, 239-page integration of the March 2024 DOJ monopolization action, the 2021 House Subcommittee findings, and the Epic Games contempt record -- the very same hybrid structure for which Petitioners were sanctioned.

This institutional validation confirms that the proceedings below suffered from a fundamental structural failure. Primarily, it proves that Petitioners' inquiries involved matters of grave fiduciary concern, rendering the sanctions an unconscionable suppression of valid petitioning. Furthermore, it shatters the District Court's *res judicata* analysis (Pet. 19-21); because the *Police Officers'* pension fund grounds its claims in 2023-2024 conduct and the recent DOJ enforcement, it is self-evident that these claims involve new, continuing conduct that post-dates the 2020 proceedings. Finally, this development proves that the deferred sanctions and denial of Anti-SLAPP immunity functioned as a barrier to justice rather than a procedural safeguard (Pet. 31-34). When sophisticated institutional plaintiffs representing *law enforcement* reach the same conclusions as Petitioners using the same record, it is clear that the District Court did not sanction misconduct. It sanctioned an accurate identification of Apple's systemic risks. This external validation confirms that

Petitioners' Mandamus addresses a matter of profound public concern that requires en banc intervention to correct the structural void created below.

Respectfully submitted,

Dated: March 22, 2026                              AMERICAN WEALTH PROTECTION

/s/ Keith Mathews
KEITH MATHEWS
1000 Elm Street #800
Manchester, NH 03101
(603) 622-8100
*Attorneys for Petitioners*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2026, I electronically filed the foregoing Notice of Supplemental Authority with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: March 22, 2026                              AMERICAN WEALTH PROTECTION

/s/ Keith Mathews

KEITH MATHEWS
1000 Elm Street #800
Manchester, NH 03101
(603) 622-8100
*Attorneys for Petitioners*